NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.  CC-11-1222-KiPaH |
| JOSEPH ANTHONY ORTOLA, | Bk. No.  10-34218-MJ |
| Debtor. | |
| JOSEPH ANTHONY ORTOLA, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| DEYANIRA ORTOLA; ROD DANIELSON, Chapter 13 Trustee, | |
| Appellee. | |

Argued and Submitted on November 17, 2011
at Pasadena, California

Filed - December 16, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Meredith A. Jury, Bankruptcy Judge, Presiding

Appearances:     Elizabeth A. Larocque, Esq. of Goe & Forsythe, LLP
argued for appellant, Joseph A. Ortola;
John F. Mansour, Esq. of the Mansour Law Group
argued for appellee, Deyanira Ortola.

Before: KIRSCHER, PAPPAS, and HOLLOWELL, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appellant, chapter 13[2] debtor Dr. Joseph Ortola ("Ortola"), appeals a bankruptcy court order granting a motion for relief from the automatic stay pursuant to § 362(c)(3)(A) ("Stay Relief Order") filed by Ortola's former spouse, appellee Deyanira Ortola ("Deyanira"). We AFFIRM. However, the order contains an error, which counsel for Deyanira acknowledged at oral argument. The order suggests that the stay in Ortola's second chapter 13 case expired on July 30, 2010 - the date he filed the petition. This is incorrect. The stay did not expire until 30 days after the filing date - August 29, 2010.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ortola filed his first chapter 13 bankruptcy case on May 19, 2010. The chapter 13 trustee moved to dismiss for Ortola's failure to provide a copy of his 2009 tax return as required under § 521(e)(2)(A)(I).[3] At a June 30, 2010 hearing on the matter, Ortola's counsel stated that he had advised Ortola to provide the tax return to the trustee prior to the § 341 creditor's meeting, and he was unsure why Ortola had not

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP."

[3] Section 521(e)(2)(A)(i) provides in relevant part:

(A) The debtor shall provide--

(i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law . . . for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed.

complied. The court denied Ortola's request for a 10-day extension and dismissed the case without prejudice. An order dismissing Ortola's first bankruptcy case was entered on July 6, 2010.

Ortola filed his second chapter 13 bankruptcy case on July 30, 2010. On October 12, 2010, Deyanira moved to confirm termination of the automatic stay under § 362(c)(3) or, alternatively, that no stay was in effect under § 362(c)(4)(A)(ii)("Stay Relief Motion"). Deyanira sought stay relief to proceed in state court with pending dissolution proceedings commenced in 2001. According to Deyanira's moving papers, Ortola had filed for divorce in 2001. The case was bifurcated as to marital status and division of property in 2003, and judgment for termination of the marriage was entered at that time. Deyanira contended the stay should be terminated to allow the state court to determine her interest in their community property. She further contended the automatic stay terminated as to Ortola and his estate 30 days after he filed his second chapter 13 case because his first case had been dismissed on July 6, 2010.

Ortola opposed the motion, contending that Deyanira was not entitled to relief because she had failed to show why his prior bankruptcy case had been dismissed. Ortola further contended that Deyanira had not shown "cause" for a determination of her interests in what was undividable community property - the building in which Ortola operated his dental practice. In his supporting declaration, Ortola stated that he had dismissed his first chapter 13 case because he did not yet have all the

- 3 -

required documents.

In her reply, Deyanira explained that Ortola had failed to comply with prior state court orders ordering the sale of their community property, which were issued to satisfy Ortola's domestic support obligations. According to Deyanira, the state court was prepared to issue a ruling granting her exclusive right to sell certain real properties at a July 23, 2010 hearing in the dissolution proceeding, but the matter was continued to September 10, 2010. She asserted that Ortola filed his second chapter 13 case on July 30 to circumvent entry of the state court orders. Deyanira asked the bankruptcy court to take judicial notice of her recently-filed adversary proceeding against Ortola that sought to have these and other debts declared nondischargeable.[4]

At a hearing on December 1, 2010, the bankruptcy court denied the Stay Relief Motion without prejudice. Without controlling Ninth Circuit authority on the matter, the court reasoned that under In re Jumpp, a case from the First Circuit BAP, the automatic stay under § 362(c)(3)(A) terminated only as to the debtor and debtor's property, not property of the estate. The court concluded that the issues Deyanira raised in her motion, which were the same issues raised in her adversary complaint, would be better addressed by the bankruptcy court. The court further noted that any orders entered by the state court after July 30, 2010, violated the automatic stay and were void. No order was ever entered on the Stay Relief Motion.

---

[4] Because Deyanira untimely filed her reply brief just one day prior to the hearing, the bankruptcy court reviewed it but did not consider it on the merits.

- 4 -

Deyanira subsequently filed a motion seeking to dismiss Ortola's second bankruptcy case for exceeding debt limitations under § 109(e). A hearing on that matter was held on February 28, 2011. After discussing the pending matters in the dissolution proceeding, the bankruptcy court inquired:

> COURT: Did you get the stay continued in this case . . . Mr. Chien?
>
> . . . .
>
> MR. CHIEN: There's no -- this was addressed at the previous hearing, your Honor. There is an automatic stay with respect to the court.
>
> COURT: No there isn't. The recent Resnick [sic] case, BAP case, which I will follow, said there is no automatic stay as to the estate, or the debtor in the second case, unless it has been extended within 30 days of the filing. So there is no automatic stay, which means that the state court probably didn't violate anything when it had a hearing on September the 10th.
>
> . . . .
>
> COUNSEL FOR DEYANIRA: I filed a motion to carve out relief from stay. Your Honor ruled that there was a stay in place at that time.
>
> COURT: Yeah. That was before the Resnick [sic] case came down. I've had to change my precedent.
>
> . . . .
>
> COURT: [I]f there's an order out there by which I deny the request for relief from automatic stay, I would sua sponte, based on the now new, precedential law -- or I recognize it as precedent anyway from the BAP, I would sign an amended order that would make it clear to the family court they could proceed. I think -- I mean, I think the law compels me to do that. So, somebody can send me an order on that.

Hr'g Tr. (Feb. 28, 2011) 15:10-11, 15:25-16:10, 18:14-19, 25:15-22.

On March 16, 2011, the bankruptcy court entered the Stay Relief Order under § 362(c)(3)(A), effectively reversing its

- 5 -

December 1, 2010 ruling denying the Stay Relief Motion. According to the Stay Relief Order, any actions or orders issued by the state court after July 30, 2010, were determined not void or a violation of the automatic stay.

Ortola, appearing pro se, moved to reconsider the Stay Relief Order on March 28, 2011, thus tolling the appeal time. See Rule 8002(b). Deyanira opposed the motion. On April 20, 2011, Ortola filed a proposed motion to continue the stay under § 362(c)(3)(B). The bankruptcy court denied both motions at a hearing on April 25, 2011. The court reasoned that even if it had not raised its own motion to reconsider its ruling denying the Stay Relief Motion, it would have granted such a motion had anyone filed one after Reswick.

Although no order had yet been entered on the motion to reconsider, Ortola filed his notice of appeal on May 6, 2011, seeking to appeal the Stay Relief Order and the "order" denying his motion to reconsider. Subsequently, on June 2, 2011, the bankruptcy court entered an order denying the motion to reconsider, thus curing Ortola's ineffective appeal of the Stay Relief Order. See Rule 8002(b).

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(G) and 1334. We have jurisdiction under 28 U.S.C. § 158.[5]

---

[5] This appeal may be moot. Ortola did not seek a stay pending appeal and, according to the parties at oral argument, the property at issue was sold to a bona fide third-party purchaser on October 3, 2011. Nonetheless, neither party contended this matter was moot and neither party filed any

(continued...)

**III. ISSUES**

1.  Did the bankruptcy court abuse its discretion when it reversed its prior ruling and granted the Stay Relief Motion under § 362(c)(3)(A)?

2.  Did the bankruptcy court abuse its discretion in denying the motion to reconsider?

**IV. STANDARDS OF REVIEW**

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Hoopai v. Countrywide Home Loans, Inc. (In re Hoopai), 369 B.R. 506, 509 (9th Cir. BAP 2007).

We review a bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. Arneson v. Farmers Ins. Exch. (In re Arneson), 282 B.R. 883, 887 (9th Cir. BAP 2002). Denial of a motion to amend or alter judgment under FRCP 59(e) or for relief from judgment under FRCP 60(b) is also reviewed for an abuse of discretion. Dixon v. Wallowa Cty., 336 F.3d 1013, 1022 (9th Cir. 2003). To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261-62

[5](...continued)
documentation confirming the sale. Therefore, we proceed to address the merits of this appeal.

(9th Cir. 2009)(en banc).

## V. DISCUSSION

**A. The bankruptcy court did not abuse its discretion in granting the Stay Relief Motion under § 362(c)(3)(A).**

Ortola first contends that § 362(c)(3)(A) is inapplicable because Deyanira failed to carry her burden to prove why his first chapter 13 case was dismissed - i.e., that he filed it in "bad faith." Contrary to Ortola's belief, no such requirement for moving parties exists under § 362(c)(3)(A). The only time a "good faith/bad faith" determination comes into play is when a party in interest timely moves for a continuation of the automatic stay in compliance with § 362(c)(3)(B), and these statutes apply to the second case filed, not the first. No such motion occurred here. Even if it had, Ortola's second chapter 13 case was presumptively filed in bad faith because, by his own admission and his attorney's statement, Ortola's first case was dismissed for his failure to timely provide the trustee with a copy of his 2009 tax return. See § 362(c)(3)(C)(i)(II)(aa).[6]

Despite Ortola's argument to the contrary, § 362(c)(3)(A) applies because he filed a second bankruptcy case within less than one year from when his first bankruptcy case had been dismissed for failing to comply with § 521(e)(2)(A)(I), and no order had been timely entered to continue the stay under § 362(c)(3)(B). Section 362(c)(3)(A) provides:

---

[6] A substantial excuse for a failure to timely provide a required document may defeat the presumption of bad faith under § 362(c)(3)(C)(i)(II)(aa). However, inadvertence or negligence by the debtor (as opposed to debtor's counsel) does not qualify as a substantial excuse. Id.

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) -

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate <u>with respect to the debtor</u> on the 30th day after the filing of the later case . . . ." (emphasis added).

Since this provision was added to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), courts have been divided on whether the phrase "with respect to the debtor" means that on the 30th day after the petition date the automatic stay terminates only with respect to the debtor and the debtor's property, or whether that also includes property of the estate. The parties agreed that the subject community property was property of the estate.

In its initial decision to deny Deyanira's motion for relief from stay on December 1, 2010, the bankruptcy court, acknowledging the lack of any Ninth Circuit precedent on this issue, relied upon <u>Jumpp v. Chase Home Finance, LLC (In re Jumpp)</u>, 356 B.R. 789 (1st Cir. BAP 2006), which adopted the majority view that the stay terminates only with the respect to the debtor and the debtor's property. On February 4, 2011, the Panel issued <u>Reswick v. Reswick (In re Reswick)</u>, 446 B.R. 362, 373 (9th Cir. BAP 2011),[7] which adopted the minority view,

---

[7] <u>In re Reswick</u> is on appeal with the Ninth Circuit (case no. 11-60014). On November 16, 2011, the parties in <u>In re</u>
(continued...)

holding that § 362(c)(3)(A) terminates the automatic stay in its entirety - including property of the estate - on the 30th day after the petition date.

On February 28, 2011, at the hearing on Deyanira's § 109(e) motion, the issue regarding the stay was raised. The bankruptcy court recognized the BAP's decision in In re Reswick and decided to reverse its prior ruling denying the Stay Relief Motion and grant it under § 362(c)(3)(A). Ortola contends the court erred in applying In re Reswick retroactively because it unfairly, and without notice, denied him the right to pursue continuing the stay under § 362(c)(3)(B). For the reasons stated below, we disagree.

As courts of equity, bankruptcy courts have broad discretion under FRCP 59(e) and 60(b), made applicable here by Rules 9023 and 9024, to sua sponte reconsider, vacate, or modify past orders so long as no intervening rights have become vested in reliance on the order. Meyer v. Lenox (In re Lenox), 902 F.2d 737, 739–40 (9th Cir. 1990). No party's intervening rights became vested in relying on the bankruptcy court's initial decision to deny the Stay Relief Motion because the decision was not a final order. FRCP 59(e) refers to "judgments." "Judgment" is defined in FRCP 54(a) as "a decree and any order from which an appeal lies." In other words - a judgment is a "final" order. FRCP 60(b) also refers to relief from "final" orders. All that exists in this case is the docket entry which states: "Hearing Held - [Stay

---

[7](...continued)
Reswick notified the court of a pending settlement. As a result, the appeal has been stayed until December 30, 2011.

- 10 -

Relief Motion] denied without prejudice." Even under local rule, this mere docket entry does not constitute entry of a judgment or final order.[8]

Accordingly, the bankruptcy court's ruling denying the Stay Relief Motion never became a final order. As such, the court had inherent power to modify, alter, or vacate it. United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000)(authority of district courts to reconsider their own orders before they become final absent some contrary rule or statute allows them to correct decisions based on shifting precedent). The bankruptcy court was free to recognize the holding of In re Reswick and reverse its prior ruling denying the Stay Relief Motion.

We reject Ortola's argument that the court's application of In re Reswick unfairly denied him the right to pursue continuing the stay under § 362(c)(3)(B). Any motion under § 362(c)(3)(B) must have been filed, heard, and ruled upon before expiration of the 30-day period. In this case, that date was August 29, 2010. Ortola's proposed motion to continue the stay, filed on April 20, 2011, was grossly untimely. Even if Ortola had timely sought to continue the stay under § 362(c)(3)(B) and it was granted, the bankruptcy court made it clear at the hearing on Ortola's motion to reconsider that it would have lifted the stay if a motion had

---

[8] Local Rule 58-6 of the Central District of California dictates that a notation in the civil docket of entry of a memorandum of decision, an opinion of the court, or a minute order of the clerk, does not constitute entry of judgment unless specifically ordered by the judge. This rule does not exist in the Central District's Local Bankruptcy Rules; however, under LBR 1001-1(e)(1), a matter not specifically covered by the Local Bankruptcy Rules may be determined by parallel reference or analogy to the District Court Rules.

been filed after <u>In re Reswick</u>.  Thus, the result is the same - no stay exists as to the subject property.[9]

**B.    Ortola waived his appeal of the reconsideration order.**

Even though in his notice of appeal Ortola appealed the order denying his motion to reconsider, he failed to provide any argument on the issue in his brief.  An appellate court in this circuit "will not review issues which are not argued specifically and distinctly in a party's opening brief."  <u>City of Emeryville v. Robinson</u>, 621 F.3d 1251, 1261 (9th Cir. 2010).  Even if we did review the matter, we see no abuse of discretion by the bankruptcy court in denying it.

## VI. CONCLUSION

We conclude that the bankruptcy court did not abuse its discretion in reversing its prior ruling denying the Stay Relief Motion and granting it under § 362(c)(3)(A).  Accordingly, we AFFIRM, but we REMAND for a corrected order reflecting the stay termination date of August 29, 2010.

---

[9] We also reject Ortola's argument that § 362(c)(3)(A) does not apply because his first case was "closed" not "dismissed." This argument defies common sense.  Furthermore, Ortola admitted in his declaration in support of his opposition to the Stay Relief Motion that he "dismissed" his first chapter 13 case.